```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                     :
UNITED STATES OF AMERICA,                            :
                                                     :
              -v-                                    :      02-CR-743-6 (JMF)
                                                     :
JOHN MATERA,                                         :      MEMORANDUM OPINION
                                                     :           AND ORDER
                        Defendant.                   :
                                                     :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On April 6, 2020, Defendant John Matera, who was convicted of racketeering conspiracy (based in part on the 1998 murder of a cooperating witness) and sentenced by the Honorable Richard C. Casey in 2004 to the statutory maximum of 20 years' imprisonment, moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) or, in the alternative, to vacate his sentence pursuant to 28 U.S.C. §§ 2241 or 2255. *See* ECF Nos. 439, 440. The basis for his motion is that he has been diagnosed with COVID-19.

Upon review of the parties' submissions, the Court is compelled to deny Matera's motion. First, to the extent that he seeks compassionate release, the motion is premature as he has not satisfied the exhaustion requirements of Section 3582(c)(1)(A) — requirements that, as the Court explained in an opinion filed earlier today, cannot be disregarded by the Court where, as here, the Government does not waive them. *See United States v. Roberts*, No. 18-CR-528-5 (JMF), ECF No. 296, at 2-5 (S.D.N.Y. Apr. 8, 2020).[1] Second, to the extent that he seeks relief

---

[1] Even if the Court could disregard the exhaustion requirements, it is not clear that compassionate release — as opposed to, perhaps, temporary release pursuant to the furlough statute, 18 U.S.C. § 3622 — would be the appropriate outcome here. *See Roberts*, ECF No. 296, at 6-9. In any event, the Court need not and does not decide that question now.

pursuant to Section 2241, the motion is also premature for lack of exhaustion, *see Atkinson v. Linaweaver*, No. 13-CR-2790 (JMF), 2013 WL 5477576, at *1 (S.D.N.Y. Oct. 2, 2013), and likely brought in the wrong district in any event, *see United States v. Nkanga*, 18-CR-713 (JMF), ECF No. 91, at 1-2 (S.D.N.Y. Apr. 1, 2020). Finally, to the extent that Matera relies on Section 2255, that provision is not a vehicle to challenge the current conditions of his confinement. *See, e.g.*, *Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (Sotomayor, J.). Additionally, any motion pursuant to Section 2255 would appear to be untimely. *See* 28 U.S.C. § 2255(f).

For the foregoing reasons, the Court is compelled to, and does, DENY Matera's motion, without prejudice to renewal after he exhausts his administrative remedies (assuming the basis for his motion has not been mooted). That is not to say that the Court is unconcerned about Matera's condition. Even if, as the Government represents, he has "a mild case of COVID-19" and his current condition is "stable," ECF No. 442, at 3, 8, the Court trusts that the Government, including the Bureau of Prisons, will closely monitor Matera's health and diligently take all necessary steps — medical, legal, or otherwise — to ensure that he receives appropriate care and does not expose other inmates or prison staff to danger. To the extent the Government does not do so, and this Court is in a position to grant relief, the Court is prepared to do so.

The Clerk of Court is directed to terminate ECF No. 439.

SO ORDERED.

Dated: April 8, 2020
New York, New York

JESSE M. FURMAN
United States District Judge