```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
UNITED STATES OF AMERICA,                                               :
                                                                        :
                -v-                                                     :    02-CR-743-6 (JMF)
                                                                        :
JOHN MATERA,                                                            :    MEMORANDUM OPINION
                                                                        :    AND ORDER
                                Defendant.                              :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

In a Memorandum Opinion and Order entered on April 8, 2020, the Court denied a motion by John Matera — an inmate at FCI Danbury who had contracted COVID-19 — for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) on the ground that he had failed to exhaust his administrative remedies as required.  *See* ECF No. 446 ("Mem. Op.").  Having now exhausted his administrative remedies, Matera renews his motion, arguing that — although he has recovered from COVID-19 — compassionate release is appropriate because he suffers from hypertension, a kidney infection, and the lingering effects (chest pains, headaches, shortness of breath, pain in his legs, and fatigue) of the virus.  *See* ECF No. 448 ("Mot."), at 1-2.

Upon review of the parties' submissions, the Court denies Matera's motion, substantially for the reasons stated in the Government's opposition.  *See* ECF No. 450, at 5-9.  Under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), the Court "may reduce" a defendant's term of imprisonment "if it finds that . . . extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and the sentencing factors set forth in 18 U.S.C. § 3553(a).  *See* 18 U.S.C. § 3582(c)(1)(A)(i).  Having contracted and survived COVID-19, it is far from clear that

Matera remains at risk from the disease. In any event, in considering Matera's motion, the Court's analysis must focus not on the risk of re-infection, but rather on his "present need for medical treatment and the adequacy of the treatment that he is receiving." *United States v. Zubkov*, No. 14-CR-773 (RA), 2020 WL 2520696, at *3 (S.D.N.Y. May 18, 2020) (collecting cases). Put simply, Matera does not show that the conditions and medical care at FCI Danbury rise to the level of an "extraordinary and compelling" circumstance that would justify reducing his well-deserved sentence for the 1998 murder of a cooperating witness. *See* Mem. Op. 1. Moreover, to the extent that Matera believes that the conditions of his confinement are unlawful, he has an alternative — and more appropriate — remedy: a civil suit in the district of confinement under 28 U.S.C. § 2241. *Cf.* Mem. Op. 2.

For the foregoing reasons, Matera's renewed motion is DENIED. That said, the Court trusts that the Government, including the Bureau of Prisons, will closely monitor Matera's health and diligently take all necessary steps — medical, legal, or otherwise — to ensure that he receives appropriate care. To the extent the Government does not do so, and this Court is in a position to grant relief, the Court will not hesitate to do so if appropriate.

The Clerk of Court is directed to terminate ECF No. 448.

SO ORDERED.

Dated: June 3, 2020
   New York, New York

JESSE M. FURMAN
United States District Judge